IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID F. ANAYA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF LANSING, KANSAS,**<br><br>**Defendant.** | Case No. 2:21-CV-02116-JAR-ADM |

**MEMORANDUM AND ORDER**

Plaintiff David Anaya filed suit against Defendant, the City of Lansing, Kansas, on January 25, 2021 in the District Court of Leavenworth County, Kansas, alleging that Defendant's residential development activities caused increased flooding and storm water runoff on his undeveloped property, rendering the property functionally worthless.[1]  Plaintiff asserted causes of action arising under city ordinances, Kansas common law, federal and state environmental statutes, and the Fifth Amendment to the United States Constitution.

On March 3, 2021, Defendant timely removed this action pursuant to 28 U.S.C. § 1446 and 42 U.S.C. § 1331 on the basis that this Court had original jurisdiction over Plaintiff's claims due to his assertion of a violation of the Fifth Amendment.[2]  Defendant then filed a Motion for Judgment on the Pleadings (Doc. 6), after which Plaintiff filed both a motion to amend his complaint[3] and a Motion to Remand Case to State Court (Doc. 10).  In his motion for leave to amend, Plaintiff sought to eliminate his federal claims, which Defendant stated it did not

---

[1] Doc. 1-2.

[2] Doc. 1.

[3] Doc. 8.

oppose.[4]  The Court therefore granted Plaintiff's motion to amend on April 6, 2021, and Plaintiff filed his Amended Complaint on April 14, 2021.[5]

The Court now considers Plaintiff's motion to remand, in which he argues that this case should be remanded due to his abandonment of any federal constitutional or statutory claims, leaving no remaining federal claims or questions in this case.  Defendant states that it does not oppose Plaintiff's motion to remand.[6]  A federal court must remand an action to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[7]  Because there is no longer a basis for this Court's subject matter jurisdiction, this case is remanded to state court and Defendant's motion for judgment on the pleadings is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand Case to State Court (Doc. 10) is **granted.**  Defendant's Motion for Judgment on the Pleadings (Doc. 6) is **denied as moot.**  The Clerk is instructed to remand this action to the District Court of Leavenworth County.

**IT IS SO ORDERED.**

Dated: April 15, 2021

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Doc. 13.

[5] Docs. 15, 16.

[6] Doc. 14.

[7] 28 U.S.C. § 1447(c); *see also, e.g., Carroll v. Mid-Kansas Inv., Inc.*, No. 20-1333-JWB, 2021 WL 663205, at *2 (D. Kan. Feb. 19, 2021) (remanding case after plaintiff filed amended complaint dropping federal claim, leaving only state-law claim).